[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11061
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20656-DPG-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN POYNER,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____


(June 21, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Poyner appeals his 30-month sentence, imposed at the bottom of the advisory guidelines range, after pleading guilty to bank robbery in violation of 18 U.S.C. § 2113(a).  On appeal, Poyner argues that his sentence was procedurally and substantively unreasonable.  After careful consideration, we affirm.

## I. BACKGROUND

Poyner robbed a TD Bank in Sunny Isles Beach, Florida.  Upon entering the bank, he walked up to the teller counter and handed the teller a handwritten note that stated, "Act NORMAL, give me $6,000 Don't be a hero Your Job will Fire you if you Don't Cooperate, HURRY up!"  The teller read the note and complied, handing Poyner approximately $2,800 in cash.  When Poyner inquired whether the teller had provided the full $6,000, she responded that she did not have access to any more cash.  Poyner then exited the bank and used the proceeds from the robbery to purchase a 1998 Ford Mustang.

Police eventually apprehended Poyner after being contacted by a cooperating witness who had recognized Poyner from a security video released to local news outlets.  While in police custody, Poyner admitted to having written the note and robbing the bank.  He pleaded guilty to bank robbery in violation of 18

2

U.S.C. § 2113(a).  A probation officer prepared a presentence investigation report ("PSI") that calculated a Sentencing Guidelines range of 30 to 37 months' imprisonment.  The statutory maximum was 20 years.  Poyner raised no objections to the PSI or the calculation of his guidelines range.

At sentencing, Poyner, through counsel, requested a significant downward variance from the guidelines range.  He argued that the bank robbery was out of character, pointing to his years of honest work and a severe mental breakdown brought on by his health issues, the stress of caring for his elderly father, his joblessness, and his inability to afford medication.  He noted that his robbery did not involve a weapon and that there was practically no planning involved in its commission.  He also stated that he had been completely cooperative with law enforcement when arrested.  Poyner expressed remorse for his conduct and stated specifically, "I want to . . . apologize to . . . the teller, because I know I may have caused her some hardship. . . . I know she may have irreparable harm down the road and I would really hate the fact that she may look at me or see someone that looks like me and bring back those memories of what I did on that day." Sentencing Hr'g Tr. at 12-13 (Doc. 48).[1]

The district court stated that it appreciated Poyner's situation and the circumstances under which he was living prior to the offense.   It further

---

[1] "Doc." refers to the docket entry in the district court record in this case.

acknowledged that "there is nothing on the record that would indicate [Poyner] would ordinarily be involved in an offense like this." *Id*. at 14. Although the court "recogniz[ed] both the mental and the physical issues that were taking place at the time," it balanced those circumstances against "the seriousness of the offense, the long-lasting harm to the . . . teller . . . and what could conceivably go wrong when anyone commits [a robbery]." *Id.* The district court also noted that it "stood out" that "Poyner has had all these difficulties up through the offense and when he obtains the money, he doesn't use it to buy medicine or secure a place to live or anything like that. He buys a Mustang." *Id.*

The district court ultimately found that there was an insufficient basis to vary from the guidelines range after weighing all of the statutory factors. And after considering "the statements of the parties, the presentence report, which contain[ed] the advisory guidelines and the statutory factors as set forth in [18 U.S.C. § 3553(a)]" the court sentenced Poyner to 30 months' imprisonment. *Id.* at 15. Poyner objected on "grounds of procedure and substantive unreasonableness and . . . to the Court's denial to [his] request to vary downward." *Id.* at 17. This is Poyner's appeal.

## II. DISCUSSION

We review sentencing decisions for an abuse of discretion. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). This standard reflects the

4

due deference we give to district courts because they have an "institutional advantage in making sentencing determinations." *Id.* at 735 (internal quotation marks omitted). Thus, "[w]e may vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment." *Id.* (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 3553(a), the district court must impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), including imposing a sentence that reflects the seriousness of the offense, promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable

5

in the light of the record and the relevant factors. *Id.* Poyner contends that his sentence is both procedurally and substantively unreasonable. We address these arguments in turn.

## A. Procedural Reasonableness[2]

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). A factual finding is clearly erroneous when we are left with the definite and firm impression that a mistake has been committed. *Underwood v. Hunter*, 730 F.2d 614, 617 n.6 (11th Cir. 1984). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

Poyner contends that his sentence is procedurally unreasonable because the district court selected his sentence based on clearly erroneous facts. First, he

---

[2] The government argues that Poyner's procedural reasonableness arguments are subject to plain error review because he did not raise them before the district court. We do not, however, decide whether plain error review would apply in this case because, as explained below, Poyner's sentence is procedurally reasonable under the more stringent abuse of discretion standard.

6

argues that the district court's statement that the bank teller from the robbery suffered long-lasting harm conflicted with the PSI, which indicated that the teller did not suffer a serious psychological impact as a result of the robbery.   Second, Poyner contends that the district court's concern about the seriousness of his offense was based on a hypothetical scenario that did not in fact occur.  We find neither argument persuasive.

The PSI states that, according to the bank's manager, the teller did not suffer a serious psychological impact or require counseling as a result of the robbery and returned to work the day after the incident took place.  Nonetheless, at sentencing, in considering the seriousness of the offense the district court discussed "the long-lasting harm to the . . . teller."  Sentencing Hr'g Tr. at 14 (Doc. 48).  Poyner contends that this demonstrates that his sentence was based on clearly erroneous facts.

While we acknowledge that the court's consideration of this factor is somewhat at odds with the PSI, we cannot conclude that it is so aberrant as to be clearly erroneous.  The bank manager, an observer with no discernable background in mental health, concluded that the teller had not suffered serious psychological effects immediately following the robbery.   But the evidence at sentencing also established that Poyner handed the teller a threatening note and forced her to give him approximately $2,800 in cash.  Poyner was not armed during this interaction,

7

but there is no indication in the record that the teller was aware of that fact.  Given these circumstances, we cannot conclude with definite and firm conviction that the teller's lack of immediate, visible trauma compelled the conclusion that she did not, in fact, suffer any harm as a result of the robbery.  Significantly, immediately before the district court's statement that Poyner challenges here, Poyner himself suggested that the teller possibly suffered harm as a result of Poyner's conduct, acknowledging that he "may have caused [the teller] some hardship" and that she "may have irreparable harm down the road" and "may look at [Poyner] or see someone that looks like [him] and bring back those memories of what [he] did on that day."  *Id.* at 12-13.  As such, we are not left with the definite and firm impression that the district court committed a mistake in considering harm to the teller as relevant to the seriousness of Poyner's offense, a factor the court was obliged to consider.  *See* 18 U.S.C. § 3553(a)(2)(a).

We also disagree with Poyner's contention that his sentence was based on clearly erroneous facts simply because the district court referenced "what could conceivably go wrong" during the commission of a robbery.  Sentencing Hr'g Tr. at 14 (Doc. 48).  During sentencing, the district court noted that "whether or not there are specific threats of violence or not, if the security guard is alerted and the person is armed . . . there are just so many thing that can go wrong" in a bank robbery.  *Id.*  But the district court's statement did not indicate that it believed

8

anything had actually gone wrong, that Poyner had made specific threats of violence, or that he was armed.  Rather, the court again was merely emphasizing the seriousness of Poyner's offense, this time by highlighting the inherent risks it posed.  The district court's observation that robbery is a serious offense that poses serious inherent risks is not rendered clearly erroneous by the mere fact that those risks did not come to fruition in a particular situation.  We therefore conclude the district court did not rely on clearly erroneous facts in deciding Poyner's sentence, and consequently, committed no procedural error.

## B. Substantive Reasonableness

Having determined that the district court's sentencing decision was procedurally sound, we next consider the substantive reasonableness of Poyner's sentence.  A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).  "[I]t is only the rare sentence that will be substantively

9

unreasonable." *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks omitted). Indeed, where, as here, a sentence is within the guidelines range, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator that a sentence is reasonable. *See Gonzalez*, 550 F.3d at 1324.

Poyner takes issue with the district court's denial of a downward variance, arguing that the court improperly mischaracterized the Mustang he purchased as a vanity asset. Poyner also argues that the court failed to account for: the relatively unsophisticated nature of the robbery; his acceptance of responsibility; and the broad mental, physical, and emotional difficulties plaguing him at the time of the robbery. Poyner, in effect, asks us to reweigh the circumstances surrounding his offense in deciding whether his sentence is substantively reasonable. This we cannot do. In considering the substantive reasonableness of Poyner's sentence, "the relevant question is not whether we would have come to the same decision if deciding the issue in the first instance, but instead whether the district court's decision was . . . in the ballpark of permissible outcomes." *Rosales-Bruno*, 789 F.3d at 1254 (internal quotation marks omitted). Poyner's arguments all concern why the circumstances surrounding his offense could have supported a downward variance, not why they compelled one. Stated differently, Poyner fails to demonstrate that the district court abused its discretion in considering the

10

circumstances and declining to grant a downward variance.  As such, there is no reason to conclude that his sentence is substantively unreasonable.

Take, for example, Poyner's use of the robbery proceeds to purchase a Mustang.  The court was troubled by this purchase, opining that, given Poyner's physical and emotional difficulties leading up to his offense, he should have used the money to purchase medicine or secure a place to live.  Poyner contends that the court mischaracterized the Mustang as a vanity purchase and argues that he needed the car to secure employment, obtain medicine, and see his family.  It may have been reasonable for the court to conclude that Poyner purchased the Mustang out of necessity.  But it was equally reasonable for the court to conclude that Poyner's purchase of a sports car was frivolous given his more immediate needs.  The frivolous nature of the purchase, in turn, was relevant to the question of whether the robbery was as out-of-character as Poyner claimed and whether his circumstances were as dire as he portrayed.

Similarly, the unsophisticated nature of the robbery, Poyner's acceptance of responsibility, and his mental and physical difficulties do not demonstrate that the court abused its discretion in denying Poyner a downward variance, even if these facts conceivably could have supported the application of such a variance.  The district court clearly weighed these considerations when sentencing Poyner.  The court heard argument on the unsophisticated nature of the robbery and witnessed

11

Poyner's demonstration of remorse.  And the court acknowledged taking these statements into account when determining an appropriate sentence.  It also explicitly "recogniz[ed] both the mental and the physical issues" Poyner was experiencing at the time of the robbery.  Sentencing Hr'g Tr. at 14 (Doc. 48).  But after considering these factors, the court decided that it did not have a sufficient basis to vary from the Sentencing Guidelines.

While Poyner may disagree with the district court's decision not to apply a downward variance, we see no abuse of discretion in the court's conclusion.  "[A] district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate."  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).  Poyner was suffering under difficult circumstances, but he still robbed a bank.  And although he cooperated with police after being apprehended, he did not voluntarily turn himself in.  For this conduct, he received a sentence of 30 months' imprisonment.  This sentence was at the very bottom of the guidelines range and a fraction of the statutory maximum of 20 years, factors that counsel in favor of its reasonableness.  *See Hunt*, 526 F.3d at 746; *see also Gonzalez*, 550 F.3d at 1324.  Considering the circumstances, Poyner's sentence "was within the outer bounds of the district court's substantial sentencing discretion—in the ballpark of permissible outcomes."  *Rosales-Bruno*, 789 F.3d at 1257 (internal quotation marks omitted).

12

## III. CONCLUSION

We conclude that Poyner has failed to demonstrate that his sentence is procedurally or substantively unreasonable.  We therefore affirm the sentence the district court imposed.

**AFFIRMED.**